**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46653**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  June 24, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ROBERT EDWARD LEE DOYLE, SR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County.  Hon. Nancy Baskin, District Judge.

Order revoking probation, imposing sentence, and retaining jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY Judge; LORELLO, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

Robert Edward Lee Doyle, Sr. pleaded guilty to delivery of a controlled substance, methamphetamine.  I.C. § 37-2732(a)(1)(A).  The district court sentenced Doyle to a unified fifteen-year sentence, with three years determinate.  Subsequently, Doyle admitted to violating the terms of the probation and the district court revoked probation, but after a period of retained jurisdiction, suspended the sentence and reinstated Doyle on probation.

About five years later, Doyle admitted to violating the terms of his probation.  At the disposition hearing, Doyle requested the district court retain jurisdiction, and the State recommended the district court revoke probation and impose the underlying sentence.  The district court followed Doyle's request and retained jurisdiction.  Even so, Doyle appeals and

1

contends that the district court abused its discretion in revoking probation, imposing the underlying sentence, and retaining jurisdiction.

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because the district court retained jurisdiction as Doyle requested, Doyle may not complain that the district court abused its discretion. Accordingly, the order revoking probation, imposing the underlying sentence, and retaining jurisdiction is affirmed.